FILED'11 MAY 5 14:27USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALLEN EUGENE STAFFORD,

          Plaintiff,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Case Number 09-1449-CL

**ORDER**

CLARKE, Magistrate Judge

This matter comes before the Court on the stipulation of the parties (#26) that plaintiff be awarded prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

### BACKGROUND

On December 7, 2009, plaintiff filed a Complaint (#1) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income pursuant to the Social Security Act. On March 8, 2011, United States District Judge Owen M.

Page 1 - ORDER

Panner adopted (#24) the Finding and Recommendation of this court and entered judgment (#25) reversing the Commissioner's decision in part and remanding the case for further proceedings.

## LEGAL STANDARDS

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA unless the government's demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded. Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625 (1993). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

## DISCUSSION

The parties do not dispute that plaintiff was the prevailing party. The parties have stipulated (#26) to an attorney fee award in the amount of $4,151.75. The court finds that the stipulated attorney fee is reasonable. Plaintiff requests that any attorney fee awarded under the EAJA be paid directly to his counsel. (Decl. of Allen Stafford, Dckt. # 26-2). Therefore,

IT IS ORDERED that is awarded attorney's fees under the EAJA in the amount of $4,151.75 pursuant to the stipulation (#26). Pursuant to Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010), the government shall accept plaintiff's assignment of EAJA fees and pay fees

Page 2 - ORDER

directly to plaintiff's counsel, Schneider law Offices, unless it is determined that plaintiff owes a federal debt.

IT IS SO ORDERED.

DATED this 5 day of May, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 3 - ORDER